ALBERT BAZZANNO v. THE STATE.

No. 1092.   Decided April 5, 1911.

**Assault to Murder—Statement of Fact—Pauper's Affidavit—Practice on Appeal.**

Where, upon appeal from a conviction of assault with intent to murder, the record showed that appellant's counsel had not exhausted the means provided by law whereby his statement of facts could have been procured, but simply filed a pauper's affidavit, the case must be affirmed.

Appeal from the District Court of Orange.   Tried below before the Hon. W. B. Powell.

Appeal from a conviction of assault with intent to murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was indicted in the District Court of Orange County, Texas, charged with making an assault with intent to murder.   Upon a trial he was convicted and his punishment assessed at twelve years confinement in the penitentiary.

There are neither bills of exception nor a statement of facts in the record.   In the record we find the affidavits of Messrs. J. T. Adams and Bisland that the District Court of Orange County adjourned for the term on the 26th day of November, 1910.   That on December 4, 1910, the defendant made affidavit of his inability to pay for a statement of facts or to give security therefor, and that same was mailed to Judge W. B. Powell (the district judge before whom said case was tried), and that Judge Powell received it on December 6, and talked with Mr. Bisland in regard to the matter, and agreed to look further into the matter.   That nothing further was done by the attorneys until January 27, 1911, when they wrote Judge Powell in regard to the matter and requested the return of the affidavit. That instead of hearing from Judge Powell in answer to their letter, they received through the mail a statement of facts, certified to by the court stenographer, the certificate being dated December 10, 1910, but that the statement of facts was not received until January 29, 1911.   These affidavits were made on January 30, 1911, and we are requested to reverse this case because the defendant has been denied a statement of facts without fault on his part.

If it is true that defendant has been deprived of a statement of facts without any fault on the part of himself or his attorneys, this case should be reversed.   Chapter 39 of the Acts of the Thirty-first Legislature provides for the appointment of official stenographers, and in section 8 it is provided that when the defendant in a criminal

case shall make affidavit that he is not able to pay for a statement of facts, or to give security therefor, the judge shall require the stenographer to make out such statement of facts. However, in said Act it is provided that such statement shall be agreed to by the attorneys and approved by the judge. Had the attorneys for appellant, upon the receipt of the statement of facts, instead of filing affidavits, presented the statement of facts to the attorney representing the State, and to the judge, and requested their approval of it, and then requested that an order be entered extending the time, showing that the official stenographer had not furnished a statement of facts to them within the thirty days, and the judge had refused to sign the statement of facts, or extend the time, we would reverse this case. But when they did receive a statement of facts, instead of pursuing the course which would have secured to them and this court a statement of facts by which we could intelligently pass on this case, they do not pursue the course pointed out by the Act providing for the appointment of official stenographers. Instead of adopting the course provided in said Act by which this court could have before it a record of the facts proven, they elect to file affidavits, seeking to show improper conduct on behalf of the judge. Not having shown that they exhausted the means provided by law whereby a statement of facts could have been procured, we will not reverse this case because no statement of facts has been filed. Trials and court procedure are expensive, and while we would not hesitate to reverse a case where it was shown that a defendant had exhausted the means provided by law to obtain a statement of facts and had failed through no fault of his, yet when the record shows on its face that such measures had not been exhausted, that appellant had contented himself with filing an affidavit, and when not received within thirty days, but received within a reasonable time, had made no effort to have same approved, and the time extended, we will not reverse the case. We have held that the time may be extended to ninety days from the day of adjournment, but not beyond that time, and the attorneys having received the statement of facts within that time, it is through their own fault that defendant is deprived of a statement of facts.

The indictment charges an offense. The charge of the court submits this offense to the jury, and they find him guilty. In the absence of a statement of facts and bills of exception we assume the law and all the law applicable to the facts proven was submitted.

The judgment is affirmed.

*Affirmed.*