## J. S. Kelly v. State.

### No. 2369.    Decided March 12, 1913.

**Bigamy—Statement of Facts—Security—Costs—Practice on Appeal.**

Where, upon appeal from a conviction of bigamy, the record showed that defendant, in his motion and affidavit, did not allege that he was not able to give security for the cost of making out a transcript as provided under section 8, Act of March 31, 1911, p. 264, his contention that the case should be reversed because he was not furnished a statement of facts free of any cost to him, and without his giving security therefor, is untenable and the cause must be affirmed in the absence of a statement of facts.

Appeal from the District Court of Houston.    Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Adams & Young,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of bigamy and his penalty fixed at the lowest prescribed by law.

There is no statement of facts. However, appellant has one contention in the case and presents one question necessary to review, and that is, he claims that the case should be reversed because he was not furnished a statement of facts free of any cost to him and without his giving security therefor.

The record shows that after the conviction and after the overruling of his motion for new trial he filed a motion, which he swore to, requesting the court to require the official stenographer to make him out a statements of facts, in which he set up that when his motion for new trial was overruled and he gave notice of appeal the court heard testimony as to his ability to make an appeal bond pending the appeal, and after hearing such evidence fixed appellant's appeal bond at $2,500. This evidence is not contained in the record, nor is it in any way shown by appellant's bill of exceptions to the overruling of his said motion, nor does the record show whether or not he made the appeal bond. The inference is that he did, but whether he did or not is immaterial. His motion and his bill show as follows: "That the amount of said bond (appeal bond at $2500) in the opinion of this defendant is excessive, and it is doubtful whether this defendant will probably be required to remain in jail until his said appeal can be passed upon by the said Court of Criminal Appeals; that this defendant owns no property of any kind; that he owns no personal property except his wearing apparel and owns no real estate at all, and this defendant has in actual money less than one dollar, and he has no debts due and owing him; that the only possible chance for this defendant to pay for said statement of facts in the above styled and numbered cause will be for defendant to be released from jail and secure some kind of employment out of the proceeds of which he can pay for the said statement of facts; that this defendant has no friends, so far as he knows or believes, who will furnish the money with which to pay for said statement of facts, and this defendant knows no source from which he can secure the money to pay for the same except if he should succeed in making the said bond he might possibly be able to make by manual labor the amount which said statement of facts will cost.

"Wherefore this defendant prays the court to enter an order requiring a statement of the facts in this case to be made by the stenographer of this court without this defendant being required to pay for the same."

The court in approving this bill to the overruling of appellant's said motion, qualified it thus: "When this motion was presented the court called the attention of the attorneys for defendant to the fact

that the affidavit did not say that defendant was 'not able to give security' for the cost of making the statement of facts and suggested that the affidavit could be amended to that effect and defendant re-sworn to it, and if that was done the motion would be granted; the attorney after reading over the affidavit stated he believed the court was right but that he would stand on the motion and affidavit as made; thereupon the motion was overruled after specially calling attention of attorney to the wording of the statute.

"The defendant is a white man and a preacher and I fixed his appeal bond after hearing his evidence as to the financial ability of his friends and proposed bondsmen."

The articles of the statute to which the court called appellant's attention at the time, as shown by his qualification, are sections 5 and 8 of the Act of March 31, 1911, page 264. Sec. 5, in substance, provides that when an appeal is perfected the official shorthand reporter shall transcribe the testimony introduced on the trial for which he shall be paid 15 cents per folio of 100 words, "said transcript to be paid for, by the party ordering the same, on delivery." Sec. 8 provides that when any criminal case is appealed and the defendant "is not able to pay for a transcript, as provided for in section 5 of this act, *or to give security therefor,* he may make affidavit of such fact, and upon the making and filing of such affidavit the court shall order the stenographer to make such transcript in duplicate and deliver it, as herein provided in civil cases, but the stenographer shall receive no pay for same; provided, that should any such affidavit so made by such defendant be false, he shall be prosecuted and punished as now provided by law for making false affidavits." In appellant's said motion he does not state that he was not able "to give security for the cost" of said work of the stenographer, nor does his affidavit as a whole, in substance or effect, so state. Doubtless the latter part of section 8, above quoted, wherein it is prescribed that "should any such affidavit so made by such defendant be false, he shall be prosecuted and punished as now provided by law for making false affidavits," deterred and prevented him from making the said affidavit. If it was a fact that he was unable to give security for cost, when the court told him that if he would so make an affidavit the motion would be granted, and he declined to do so, he alone is responsible for not getting a statement of facts, and can not take advantage of his own wrong.

The judgment is affirmed.

*Affirmed.*