MRS. MILDRED LEWIS, ALIAS MRS. EARL, v. THE STATE.

No. 3580.    Decided June 9, 1915.

Rehearing denied June 25, 1915.

1.—Theft—Statement of Facts—Practice on Appeal.

Where the purported statement of facts on its face indicated that it had not been agreed to by the parties, not approved by the court, the same could not be considered on appeal.

2.—Same—Pauper's Affidavit—Stenographic Report—Statement of Facts.

Where the record failed to disclose that the alleged pauper's affidavit was ever presented or acted upon, by the trial court, or that any action whatever thereon was sought from the court, asking the court stenographer to make a stenographic report, such affidavit could not be considered on appeal; besides, the appellant should have shown why he did not make out a statement of facts within ninety days, without regard to the stenographer; this not being a capital offense.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of felony-theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Robert P. Coon,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of felony theft and her punishment assessed at three years in the penitentiary.

The case was tried and she was convicted on March 28, 1914. On the same day she filed a short formal motion for new trial. The court, for that term, adjourned on May 2nd, which was the last day under the law at which that term could be held. On the morning of that day about 10 o'clock she filed an amended motion, there being forty-one grounds set up. It contained forty-one typewritten pages. Attached to it, among other things, were some affidavits attacking one of the jurors as disqualified. The district attorney at once contested the motion, among other things, showing that the juror attacked was then in California and it was necessary that he should be had on the hearing of that motion; that the affidavits attacking him were made,—one on April 21st, another on the 23rd and another on the 24th, but that he knew nothing about it and they were not filed in this case, until said motion was filed as stated and he thereupon applied to the court to continue the motion till the next term of the court. The court so ordered. It seems that the next term of the court convened the following Monday. Her amended motion for new trial was still further contested by the district attorney and the court heard it on June 17, 1914, and overruled the motion. Appellant then gave notice of appeal.

No bills of exceptions were allowed and approved or filed at any time. The record shows that no statement of facts was at any time filed in the lower court. In compliance with a writ of certiorari from this court the clerk sends up what may have been intended for a statement of facts containing about thirty-five typewritten pages. This purported statement of facts in no way, in its face, indicates when it was agreed to by the parties, nor approved by the court. Doubtless the dates were purposely left off. The record shows that this purported statement was delivered by the court stenographer to the appellant's attorney on October 5, 1914; that it was not thereafter presented to the district attorney for his action until some weeks afterwards. When it was he immediately examined it and signed it as correct, but did not agree that it should be filed back within the time. Doubtless it was presented to the judge for his approval some time after the district attorney acted on it. The time for filing it under the law expired September 15, 1914, under any and all events.

On May 2, 1914, appellant made the pauper's affidavit seeking thereby to have the court stenographer make a stenographic report of the trial without any pay. The record fails to disclose that this affidavit was ever presented to or acted upon by the court or that any action whatever thereon was sought from the court. So far as the record discloses the court was ignorant that any such affidavit was ever filed. Even if she

had been entitled to the statement under her affidavit, if she had sought and procured the order of the court, it could have been complied with within a very few days. The statement as shown is only about thirty-five typewritten pages and doubtless could have been prepared within a day. However, the statute prescribes (sec. 8, Act of March 31, 1911, p. 267) that when such affidavit is filed the court shall make an order *as in civil cases,* which, as we understand, is within the discretion of the court, after hearing the affidavit and evidence thereon. But, as stated, the court, in this case, never acted on said motion and his action thereon was not sought. Besides, said Act of the Legislature expressly shows that the appellant need not rely upon the court stenographer at all to make out a statement of facts, but can do so without regard to the stenographer. No reason whatever is shown in her pauper's affidavit or otherwise why she could not and why she did not thus make out a statement of facts within the ninety days allowed by law. Again, where a defendant is convicted of a capital offense and can not and has not employed an attorney to represent him, and the court appoints an attorney, the defendant is entitled to a free statement from the stenographer. See section 14 of said Act. So that, in no event, can we consider said purported statement of facts. In the absence of this, there is no question raised which we can review and the judgment is therefore affirmed.

*Affirmed.*

[Rehearing denied June 25, 1915.—Reporter.]