A. J. ANDREWS v. THE STATE.

No. 6671.   Decided February 15, 1922.

1.—Murder—Statement of Facts—Bill of Exception.

In the absence of a statement of facts or bills of exception, there being a valid indictment, and the proceedings appear to be regular, the judgment below must be affirmed.

2.—Same—Rehearing—Attorneys and Others—Interested—Notice.

This court again calls attention of attorneys interested in cases pending in this court, that in order to accommodate them and conduct the business of the court in an orderly and prompt way, rules were adopted many years ago directing the clerk to notify attorneys interested when cases were set for submission. No other notice is necessary, and even this is not required under the law.

3.—Same—Transcript—Pauper Affidavit—Shorthand Reporter.

Article 846, and 845, must be read together. If the accused, who has been convicted is not able to pay for a transcript he shall make affidavit as provided for in article 845, and in the absence of such affidavit and no request was made to the trial judge, verbal or otherwise, the shorthand reporter was not required to make such transcript. Following Roberts v. State, 70 Texas Crim. Rep., 588, and other cases.

Appeal from the District Court of Liberty. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Norman,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of murder and his punishment assessed at fifty years in the penitentiary.

The record is before us without bills of exception or statement of facts. The indictment charges an offense and the proceedings appear to be regular.

The judgment of the trial court is affirmed.

*Affirmed.*

ON REQUEST TO FILE A MOTION FOR REHEARING.

March 15, 1922.

HAWKINS, JUDGE.—The opinion affirming the judgment was delivered February 15th, 1922. The time for filing motion for rehearing expired March 2nd, and mandate issued on March 3d. On March 6th a motion for rehearing was presented to the Clerk with request that the court permit the same to be filed, although after issuance of the mandate. It is claimed that the delay in presenting the motion was caused by delay in the mail carrying the notice of affirmance.

It might be well to call attention of attorneys interested in cases pending in this court that in order to accomodate them, and conduct the business of the court in an orderly and prompt way rules were adopted many years ago directing the clerk to notify attorneys interested when cases were set for submission. So far as is known to the court there is no law requiring even this to be done; and there is no requirement by law or rule of the court that the clerk notify attorneys as to the disposition of cases, but as a matter of convenience the clerk has been assuming this burden. We pass the question of whether we should consider the cause for delay sufficient to authorize a granting of the request to file the motion for rehearing and base our action upon the motion itself.

The transcript was filed in this court on October 29, 1921. As mentioned in the original opinion no statement of facts or bills of exception appear in the record. The case was not submitted until February 8, 1922. There is no mention in the record of any effort to secure a statement of facts, and notwithstanding the case remained on the docket of this court for three months with the transcript in the condition referred to before final submission of the case, no com-

plaint was made to this court that appellant had been deprived of his statement of facts. The motion for rehearing states that counsel was appointed to represent appellant and seems to proceed upon the theory that because of that fact it was the duty of the court without action on the part of counsel to see that a statement of facts was filed. Part of Article 846 C. C. P. reads as follows:

"Provided, that in all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action, that the official shorthand reporter shall be required to furnish the attorney for said defendant, if convicted, and where an appeal is prosecuted, with a transcript of his notes as provided in Section 5 of this Act (art. 844b), for which said service he shall be paid by the State of Texas, upon the certificate of the district judge, one-half of the rate provided for herein in civil cases."

It will be observed that the portion of the Article quoted referred back to Section 5 of the original Act which is carried forward as lows:

"Provided, that when any criminal case is appealed and the defendant is not able to pay for a transcript as provided for in Section 5 of this Act (Art. 844b), or to give security therefor, he may make affidavit of such fact, and upon the making of such affidavit the Court shall order the Official Shorthand Reporter to make such transcript in duplicate, and deliver them as herein provided in civil cases, but the Official Shorthand Reporter shall receive no pay for same; provided that should any such affidavit so made by such defendant be false he shall be prosecuted and punished as is now provided by law for making false affidavits."

The provisions of the Act in question should be read together. If an accused who has been convicted is not able to pay for a transcript he shall make affidavit as provided for in Article 845. It does not appear from the record in the case before us that any affidavit as required was filed or indeed that any request, verbal or otherwise, was made to the trial judge for a statement of facts. The cases cited by counsel in his motion are Roberts v. State, 70 Texas Crim. Rep. 588; Jackson v. State, 70 Texas Crim. Rep. 292; Burden v. State, 70 Texas Crim. Rep. 349. Reference to these cases will show that in all of them affidavits were filed and in some mandamus was resorted to in order to secure a statement of facts.

No matters being set up in the motion which would aid the record in any way, or present any reason which can be considered by us as a failure on the part of the trial judge to perform any part of his duty relative to the statement of facts, and it presenting no reason why our original opinion should not stand, the request to file the motion for rehearing is denied.

*Rehearing denied.*