HENRY MONCKTON v. THE STATE.

No. 6906.   Decided April 26, 1922.

Rehearing Denied June 14, 1922.

1.—Forgery—Practice on Appeal.

In the absence of a statement of facts or bills of exception, the indictment and charge of the court appearing to be in due form, the judgment below must be affirmed.

2.—Same—Pauper's Affidavit—Inability to Pay Cost—Certiorari.

Where appellant asked that a writ of certiorari be granted to perfect the record and to compel the court stenographer of the trial court to prepare and send up for our inspection a statement of the facts herein, but the so-called affidavit was not in form and it was not sworn to, that defendant is not able to pay the costs, nor that he is unable to secure the payment of said costs, the certiorari cannot be granted and the motion must be overruled.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable R. B. Seay.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of the offense of forgery, and his punishment fixed at confinement in the penitentiary for a period of five years.

The record is before us without any statement of facts or bills of exception. We have examined the indictment and the charge of the court and each appears to be in due and regular form. No error appearing in this case, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 14, 1922.

LATTIMORE, JUDGE.—Appellant presents for our consideration what is claimed to be his affidavit of inability to pay or secure the payment of the costs necessary in order to have a statement of facts made out by the court stenographer for the use of this court on appeal,—and asks that a writ of certiorari be granted to perfect the

record and to compel the court stenographer of the trial court to prepare and send up for our inspection a statement of the facts herein. It is provided in Article 845-a, Vernon's C. C. P., that when any criminal case is appealed and defendant is not able to pay for a statement of facts, etc., or to give security therefor, he shall make affidavit of such fact, and upon the making and filing of such affidavit, the court shall order the stenographer to make such statement of facts in duplicate, and deliver same, etc., for which he shall receive no pay. Accompanying his application for certiorari is a copy of what appears to be the only affidavit made by appellant in connection with the matter presented to us. Said affidavit is in manner and form as follows:

"Jan. 26, 1922.

To the Hon. Criminal Dist. Court, Dallas County:—

Hon. Judge: This is to certify that I wish to take a pauper's oath.

In order that the clerk of the Hon. Court will make out and prepare my papers free of charge, for my appeal in cases No. 2659, 2599, 2596 and file same for me at the Court of Criminal Appeals at Austin.

Hoping that this request meets with the approval of the Hon. Court, I remain,

Respectfully, H. E. Monckton."

This is sworn to before the district clerk of Dallas County. Said affidavit so entirely fails to comply with the requisites of the statute as not to call for any favorable action at our hands. There is no sworn statement that appellant is not able to pay the costs, nor that he is unable to secure the payment of such costs, of making out a statement of facts. The affidavit filed by appellant being so wholly informal and so lacking in fundamental requisites laid down by our statute, would not seem to have required that the trial court order the stenographer to make out a statement of facts in accordance with the article above mentioned.

Finding nothing in appellant's application for certiorari to call for granting same, and there being nothing in the motion for rehearing, same will be overruled.

*Overruled.*