H. L. Williams v. The State.

No. 7440.   Decided November 15, 1922.

Robbery—Transcript—Pauper's Affidavit—Rule Stated.

Where, upon trial of robbery less than capital, the defendant filed his so-called pauper's affidavit in the court below but never called the trial court's attention thereto, he cannot complain that he was deprived of a statement of facts without his fault, and the judgment below must be affirmed; besides, there was no bill of exceptions in the record.   Following Wood v. State, 67 Texas Crim. Rep., 609, and other cases.

Appeal from the District Court of Stephens.   Tried below · before the Honorable C. O. Hamlin.

Appeal from a conviction of robbery less than capital; penalty, seven years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery.   Punishment, seven years in the penitentiary.

Two special charges were requested and refused.   In the absence of statement of facts we are not in a position to know whether the requested charges were pertinent to any issue in the case.

No bills of exception or statement of facts are in the record, but we find in the transcript an affidavit by appellant made under the provision of Article 845a C. C. P., that he was unable to pay for a transcript of the evidence.   The indictment did not charge a capital offense.   This conviction occurred in Stephens County.   We learn from the affidavit, which was made before a Notary Public of Dallas County, that since his conviction in the instant case appellant had been in the Stephens and Dallas County jails.   The affidavit is dated June 19th, and was filed by the District Clerk of Stephens County on June 21st.   Court adjourned the next day, June 22d.   No order was made by the trial judge upon such affidavit, and it appears that it was never called to his attention.   Upon observing the affidavit in the record our Assistant Attorney General made inquiry about it, and the trial judge makes affidavit that no such affidavit was ever called to his attention by appellant or his counsel.   We might have very properly disposed of the matter on the ground that no bill of exception is in the record bringing the question forward for review, but in order that appellant be not deprived of any right without fault on his part we have stated the conditions under which the affida-- vit was filed.   The mere placing of it among the papers in the case,

or having same filed by the Clerk, without calling it to the attention of the trial judge, is no basis for complaint that appellant has been deprived of his statement of facts. Andrews v. State, 91 Texas Crim. Rep., 122, 237 S. W. Rep., 1113; Monkton v. State, 92 Texas Crim. Rep., 225, 241 S. W. Rep., 1019; Jackson v. State, 92 Texas Crim. Rep., 244, 242 S. W. Rep., 731; Wood v. State, 67 Texas Crim. Rep., 609.

The judgment is affirmed.

*Affirmed.*