JESS SISSON v. THE STATE.

No. 7441. Decided November 15, 1922.

**Robbery—Statement of Facts—Affidavit—Pauper.**

Where, upon appeal from a conviction of robbery not a capital offense, the appellant filed an affidavit of inability to pay for a transcript of the statement of facts in the lower court, and there was nothing to indicate that the affidavit was ever called to the attention of the trial judge or that within the 90 days allowed him to prepare his statement of facts, any effort was made to obtain it, the judgment below must be affirmed. Following Jackson v. State, 70 Texas Crim. Rep., 293, and other cases.

Appeal from the District Court of Stephens. Tried below before the Hon. C. O. Hamlin.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Fennell v. State, 90 Texas Crim. Rep., 407; Lewis v. State, 177 S. W. Rep., 972; Oliver v. State, 134 id., 694; Chavaro v. State, 161 id., 972; Wood v. State, 150 id., 194.

MORROW, Presiding Judge.—Conviction is for robbery; punishment fixed at confinement in the penitentiary for a period of five years.

Neither statement of facts nor bill of exceptions accompanies the record.

The case was tried on the 9th of May. The motion for new trial was overruled on the 20th of May, and ninety days thereafter were allowed for the preparation and filing of the statement of facts and bills of exceptions. On the 21st of May he filed an affidavit of inability to pay for a transcript of the statement of facts.

There is provided two contingencies in which one convicted of a felony may have prepared a statement of facts without payment therefor: (a) In a felony case less than capital, he may make and present the affidavit required by Article 844b and 845a, Code of Criminal Procedure; (b) in a capital case it is made the duty of the court trying the case to require the stenographer to make the statement of facts without the necessity of the affidavit mentioned. Article 846, Code of Criminal Procedure; Ex parte Fread, 83 Texas Crim. Rep., 465. In either case, it would seem that there should be some diligence shown in demanding that the statement of fact be prepared.

In the instant case, appellant was not charged with a capital offense. He was charged with robbery, but there was no averment that deadly weapons or firearms were used in committing the offense. It was, therefore, not incumbent upon the court to appoint an attorney to represent him, though it seems that he was represented by an attorney appointed by the court. There is nothing to indicate that the affidavit permitted by Article 845a was ever called to the attention of the trial judge or that within the ninety days allowed him to prepare his statement of facts, any effort was made to obtain it. The law demanded of him some diligence to procure his statement of facts more than the mere filing of the affidavit. Jackson v. State, 70 Texas Crim. Rep., 293; Lewis v. State, 177 S. W. Rep., 972; Ex parte Fread, 83 Texas Crim. Rep., 465; Andrews v. State, 91 Texas Crim. Rep.,

122, 232 S. W. Rep., 1113; Monkton v. State, 92 Texas Crim. Rep., 235, 241 S. W. Rep., 1019; Jackson v. State, 92 Texas Crim. Rep., 244, 242 S. W. Rep., 731; Ward v. State, 67 Texas Crim. Rep., 609.

The judgment is affirmed.

*Affirmed.*