Tom Fuller v. The State.

No. 7882. Decided June 4, 1924.

Rehearing denied June 27, 1924.

1.—Robbery—Affidavit—Pauper's Oath—Statement of Facts.

Where the affidavit appearing in the record setting out the inability of appellant to pay for the statement of facts, etc., was filed some fifty days after adjournment of the trial term, and it was not shown in any manner to have ever been brought to the attention of the trial court, there is no reversible error.

2.—Same—Rehearing—Statement of Facts—Practice on Appeal.

The authorities are uniform that in order to entitle the appellant to an order directing the stenographer to make out a statement of facts on a pauper's affidavit, it must affirmatively appear from the record that the fact of making such affidavit was brought to the court's attention, and that thereafter either the court or the stenographer was at fault in the matter, and there being no such showing, there is no reversible error.

3.—Same—Affidavit—Rule Stated—Pauper's Affidavit—Attorney and Client.

In either case, where affidavit is filed of inability to pay the costs, or when an attorney was appointed to represent the defendant in a criminal action, there should be a showing setting out the facts and evidencing a request to the trial judge that he make an order directing the preparation and delivery of a statement of facts; otherwise, the matter cannot be considered on appeal; besides, it is noted that appellant was able to make a reconnaizance in the sum of $2500, and that he should be able to give security for a few dollars to pay for a transcript upon appeal, and the motion for rehearing is overruled.

Appeal from the District Court of Erath. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Pat L. Pittman,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Erath County of robbery, and his punishment fixed at five years in the penitentiary.

The record is before us with a statement of facts. There are ten bills of exception in the transcript, only one of which bears the approval of the trial judge. The one so approved presents no error. There appears in the record an affidavit filed some fifty days after the adjournment of the trial term setting up the inability of appellant to pay for a statement of facts and requesting that the court order one prepared for him, but this is not shown in any manner to have ever been brought to the attention of the trial court as is required by statute.

The record reflecting no error, we have no option but to direct an affirmance of the judgment, which is done.

*Affirmed.*

ON REHEARING.

June 27, 1924.

LATTIMORE, JUDGE.—Appellant seeks to have our judgment of affirmance set aside chiefly upon the proposition that the failure to have a statement of facts in the record was through no fault of his. In the original opinion we did not set out the facts relative to said statement of facts at length.

This case was tried at the January 1923 term of the court below, and from the date on the application for continuance and the charge of the court as filed, it appears to have been tried about the 15th of January of said year. The trial term of said court adjourned on the 3rd of March. Under Art. 845 C. C. P the appellant had ninety days in which to have prepared and filed a statement of facts. It is contended that because of his inability to pay for a statement of facts, and that by making an affidavit of such fact, he should have been given said statement of facts. Art. 845a of our Code of Criminal Procedure provides that when one convicted of crime is not able to pay for the transcript or give security therefor, he may make affidavit of such fact and upon the making and filing of such affidavit

the court shall order the stenographer to make out such transcript and deliver the same. As stated above, the trial term of the court below adjourned on March 3rd; in the transcript appears an affidavit made by appellant on the 27th of April of the same year setting up that he is without property or funds with which to pay for a transcript of the facts and is unable to give security therefor. As far as we can see from the record nothing was ever done with said affidavit except to file it with the clerk. Our authorities are uniform that in order to entitle the appellant to an order directing the stenographer to make out a statement of facts in such case, it must affirmatively appear from the record that the fact of making such affidavit was brought to the court's attention and that thereafter either the court or the stenographer was at fault in the matter. Nothing appears in this record to show that the court ever knew of the filing of the affidavit or that he was asked to direct the stenographer to make out such statement of facts.

Appellant filed a motion in this court on November 9, 1923, asking that that the submission of the case in this court be postponed until December 12, 1923, in order to give him an opportunity to present to the trial court an application for a writ of mandamus to compel the stenographer to make out the statement of facts. The ninety days allowed by law in which such record should be filed in this court had then long expired, and nothing appeared in the record to show us any negligence on the part of the trial court or stenographer. However, an opinion was not handed down in this case until the 4th of June, 1924, more than a year after the case was filed with the clerk of this court, and up to the time of the handing down of the opinion we have been apprised of no action of the court below or effort to obtain any favorable action at the hands of the court below in the matter.

In support of appellant's motion for rehearing he presents affidavits purporting to show that he was represented by an attorney appointed to represent him in the court below and for that reason, under the terms of Article 846 C. C. P., he should have a statement of facts without paying therefor. The matter in this light is almost exactly similar to the case of Andrews v. State, 91 Texas Crim. Rep., 122, 237 S. W. Rep., 1113, in which this court held that in either case, viz: either where the affidavit is filed of inability to pay the costs, or when an attorney was appointed to represent the defendant in a criminal action, there should be a showing setting up the facts and evidencing a request to the trial judge that he made an order directing the preparation and delivery of a statement of facts. The record before us shows that after indictment appellant did employ an attorney to represent him upon one trial of his case, but that thereafter said attorney declined to go further with the matter. Conceding that thereafter the court appointed another attorney to represent the appel-

lant it would not necessarily follow that he was not able to pay for a statement of facts, or that he desired to rely upon the apparent right given him under Article 846 C. C. P. to have a statement of facts upon application therefor, without payment. Having failed to bring the matter to the court's attention, we are of opinion in accord with that expressed by us in Andrews v. State, supra, that appellant has not shown himself entitled to a statement of facts without cost.

What we have just said disposes of appellant's contention, but we observe that he is not in jail but was able to make a recognizance in the sum of twenty-five hundred dollars upon appeal to this court. In view of the fact that no contest of his affidavit was filed in the court below, the proposition of his ability to give security for the small cost of a statement of facts is not before us, but it appears altogether unlikely that one able to make a recognizance for the amount just mentioned, would be unable to give security for a few dollars to pay for a transcript upon appeal.

The motion for rehearing will be overruled.

*Overruled.*