### R. J. METCALF v. THE STATE.

No. 12999. Delivered February 12, 1930.
Rehearing denied May 21, 1930.
Reported in 27 S. W. (2d) 807.

The opinion states the case.

*Howard Dailey* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty, confinement in the penitentiary for one year.

The motion for new trial was overruled and notice of appeal given on the 15th day of May, 1929. The statement of facts appears to have been filed in the trial court on the 15th of August, 1929, which was ninety-two days after the notice of appeal was given. The maximum time allowed by law was ninety days from the date

of the overruling of the motion for new trial. The bills of exception were likewise filed on the 15th day of August. Under the statute, in the absence of an order of extension, the maximum time for filing the bills of exception is thirty days after the date of the overruling of the motion for new trial. The statute controlling is Art. 760, C. C. P., 1925. See Mann v. State, 102 Tex. Cr. R. 210; also collation of cases in the supplement to Vernon's Ann. Tex. C. C. P., 1925, covering the period up to June, 1929, page 16, note 44. Consideration of the bills of exception and statement of facts is opposed by the State, and for the reason stated cannot be made the basis of review.

Finding no matters brought forward for review in a manner than can be considered, the judgment is affirmed.

*Affirmed.*

### MOTION FOR REHEARING.

MARTIN, JUDGE.—Appellant files a motion for rehearing in this cause and accompanies same by what he denominates "A Motion for Certiorari to Perfect the Record." He alleges certain mistakes of date and omissions in the transcript and avers that a writ of certiorari directed to the Clerk of the District Court of Sutton County, Texas, would perfect his record. No certified copies of the orders claimed to be in existence and of record in the trial court accompany the motion. The rule is stated in 4 Tex. Jur., Paragraph 341, as follows:

"The application must also make it appear that the defect could be cured by awarding the certiorari; and must show the existence of papers or records sought to be brought up; and it must be accompanied by a certified copy of that part of the record sought to be inserted, or, if the defect consists in transcribing orders, judgments or pleadings, by a copy of the particular instrument claimed to have been erroneously transcribed."

See also Savage v. State, 100 Tex. Crim. Rep. 361; Nunn v. State, 50 S. W. 713.

Because appellant's application fails to make it appear that the defects could be cured by awarding a writ of certiorari and fails to show the existence of the papers and records sought to be brought up in the manner pointed out above, his application is fatally defective. Moreover, there appears with this record a letter purporting to come from the District Clerk of Sutton County, the substance of which is that the transcript on file here is correct and that certain

orders claimed to have been omitted are not of record in his office. We mention this to illustrate the reason for the rule which requires certified copies of such matters to accompany the application for a writ of certiorari. Without these there would be unnecessary and frequent delays.

Believing that a correct disposition of the case was made on the original hearing, appellant's application for writ of certiorari is denied and his motion for rehearing overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.