## George Cupp v. The State.

No. 14237. Delivered May 20, 1931.

The opinion states the case.

*W. C. Witcher,* of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year and one day.

R. J. Smith and his son, E. E. Smith, were special officers under employment by the sheriff of Hutchinson county. Under the terms of their employment they were to aid the officers in detecting violations of the liquor law. They testified, in substance, that they went to appellant's home, where R. J. Smith told appellant he desired to purchase a pint of whisky; that appellant told them to drive some distance from his home and wait for him; that in a short time appellant appeared and delivered a pint of whisky to R. J. Smith, for which Smith paid him $3; that in accordance with a previous arrangement, a deputy sheriff and some other officers appeared on the scene and arrested the parties immediately upon the delivery of the whisky to Smith; that all of the parties were placed in jail; that as the witnesses were being released from jail appellant returned R. J. Smith's money to him and asked him to tell his wife to go to the place where he delivered the whisky and destroy it; that they informed the officers as to the whereabouts of the whisky, and went with him to secure it. A deputy sheriff of the county testified to having gone to the place where the whisky was sold. He said he made the arrest immediately upon seeing appellant deliver the whisky to Smith.

Appellant did not testify in his own behalf, but offered his sister who testified that the parties came to appellant's home on the night in question and asked him to take a drink with them, and that appellant drove away from the house with said parties.

The term of court at which appellant was convicted convened September 22, 1930, and adjourned November 1, 1930. No order extending the time for filing bills of exception is brought forward. The only bill of exception in the record was filed January 27, 1931, which was eighty-seven days after the day of adjournment. Article 760, subdivision 5, Code of Criminal Procedure, allows thirty days after the day of adjournment of court for filing bills of exception, provided the trial term is less than eight weeks. There being no order in the record extending the time, and the bill not having been filed within thirty days

after the adjournment of court, we are compelled to hold that it was filed too late. Davis v. State, 28 S. W. (2d) 794; Mann v. State, 102 Texas Crim. Rep., 210, 277 S. W., 1085.

Under the count of the indictment submitted to the jury appellant was charged with selling intoxicating liquor. The verdict of the jury found appellant guilty of the offense of selling intoxicating liquor. The judgment and sentence recite that appellant has been convicted of possessing intoxicating liquor for the purpose of sale. The judgment and sentence are reformed in order that it may be shown that appellant has been convicted of the offense of selling intoxicating liquor.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.