JOE MCELREATH V. THE STATE.

No. 15417. Delivered January 11, 1933.
Application for Writ of Certiorari Denied February 1, 1933.
Reported in 56 S. W. (2d) 462.

The opinion states the case.

*Noah Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for five years.

Officers went to appellant's home for the purpose of instituting a search for intoxicating liquor. They had no search warrant. Appellant was at his back door. One of the officers met him there and engaged him in conversation. According to his testimony, he asked appellant: "Joe, have you got any liquor today?" Appellant replied: "No, you know, Mr. Burton, I told you I have quit." The officer said: "I know you told me that. If it is all right with you I want to look around." Appellant's reply was: "That is all right; I will help you search." This officer testified, further, that upon a search being made he and the other officer discovered sixteen gallons of whisky in a "false gable" of the house. Upon the whisky being discovered, appellant laughed and said: "I was telling you the truth the other day; and if you had searched me yesterday you would not have found a thing. I just got that yesterday, the first I had in three weeks." Further, appellant said: "I will be a good sport; you have got me. Hand it to me."

Appellant did not testify in his own behalf but offered a witness who, in effect, stated that appellant did not consent to the search.

The term of court at which appellant was convicted convened February 4, 1932, and adjourned March 5, 1932. In the absence of an order extending the time for filing, appellant would have been entitled to thirty days after the adjournment of court in which to file his bills of exception. The motion for new trial was overruled on the 18th day of February, 1932, and notice of appeal given on the same date. At the time notice of appeal was given, the court granted appellant fifty days from February 18, 1932, in which to file his bills of exception. On the 5th day of April, 1932, the court granted appellant an additional time of thirty days from April 9, 1932, for the preparation and filing of bills of exception. No other extension

order appears in the record. The bills of exception found in the record were filed May 17, 1932. Manifestly they were filed too late, and are not entitled to consideration. Cupp v. State, 118 Texas Crim. Rep., 238, 38 S. W. (2d) 1102, and authorities cited.

The exceptions to the charge of the court are not signed by the trial judge, and hence can not be considered. See Houghton et al. v. State, 116 Texas Crim. Rep., 70, 32 S. W. (2d) 837.

The court failed to give application to the Indeterminate Sentence Law. The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than one nor more than five years.

*As reformed, the judgment is affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPLICATION FOR WRIT OF CERTIOARI.

HAWKINS, JUDGE.—On the 11th day of January, 1933, the judgment was affirmed; it being stated in the opinion that no further extension order for filing bills of exception was made after that of date April 5, 1932. On January 23, 1933, appellant filed an application for writ of certiorari to perfect the record, in which application it is stated that a further extension order was made by the trial judge about the 9th day of May, 1932. No motion for rehearing was filed in connection with the application for writ of certiorari. The latter is not sworn to; neither is it accompanied by a certified copy of the claimed extension order. Under previous holdings of this court the application is manifestly insufficient. See Texas Jurisprudence, vol. 4, sec. 340, p. 487, and authorities thereunder cited. Nunn v. State, 40 Texas Crim. Rep., 435, 50 S. W., 713; Savage v. State, 100 Texas Crim. Rep., 361, 272 S. W., 193; Luman v. State (Texas Crim. App.), 20 S. W. (2d) 1064; Metcalf v. State, 115 Texas Crim. Rep., 382, 27 S. W. (2d) 807.

The application for the writ is denied.

*Application denied.*