## S. H. ("Bo") Word v. The State.

No. 16141. Delivered November 22, 1933.
Reported in 65 S. W. (2d) 305.

The opinion states the case.

*Truman Warren* and *Alex P. Pope,* both of Tyler for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

It was charged in the indictment, in substance, that appel-

lant, with malice aforethought, killed Clay Roberts by stabbing him with a knife.

The homicide occurred at a dance. The state's version of the transaction was, in substance, as follows: The owner of the residence in which the dance was being held asked appellant to contribute to a fund to be used in paying for the music. Appellant declared that he needed change for ten dollars. Archie Roberts took a roll of money out of his pocket, and, exhibiting it, said: "I got money; I can change it." Appellant grabbed at the money, saying: "Ah, loan me some money." At this juncture, Archie Roberts struck appellant in the stomach. A fight in the house was averted, the parties involved going into the yard. Breaking away from a man who was holding him, appellant ran to deceased, Clay Roberts, who was standing near an automobile, and stabbed him in the abdomen with a knife. Deceased ran and was pursued by appellant, who again attacked him. One of the witnesses said to appellant: "My God, Bo, get up; you have ruined the man." Appellant replied: "If his guts are not cut out I will cut them out." Deceased was not armed. He was making no demonstration toward appellant when he attacked him.

Deceased's description of the difficulty, embraced in his dying declaration, was in harmony with the testimony of the state's witnesses; that is to say, he declared that appellant made an unprovoked attack upon him and, after stabbing him in the abdomen, ran him down and again assaulted him.

Testifying in his own behalf, appellant denied that he stabbed deceased. He admitted that he was engaged in a general difficulty with several parties at the time deceased was stabbed. He declared, in effect, that deceased, among others, was making an attack upon him. He sought by his testimony to show that the fatal wounds were inflicted by another participant in the difficulty.

The conflicting theories presented by the evidence were submitted to the jury in the charge of the court. The opinion is expressed that the evidence supports the judgment of conviction.

The exceptions to the charge of the court were not signed by the trial judge. Hence they cannot be considered. McElreath v. State, 56 S. W. (2d) 462.

The court failed to make application of the Indeterminate Sentence Law. The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than three years.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.