## W. R. Martin v. The State.

No. 16762.   Delivered May 16, 1934.
Rehearing Denied June 13, 1934.

The opinion states the case.

*Lee P. Pierson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for burglary, punishment assessed being three years in the penitentiary.

The record is before this court without statement of facts or bills of exception.  We observe that no notice of appeal appears anywhere in the record, without which no jurisdiction is conferred upon this court.

The appeal is therefore dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—A dismissal was ordered on May 16, 1934, for the reason that the record failed to show notice of appeal, which is an essential requisite to the consideration of the appeal by this court.  See Vinson v. State, 70 S. W. (2d) 592; Scott v. State, 43 S. W. (2d) 96; Shaddox v. State, 45 S. W. (2d) 980; Williams v. State, 54 S. W. (2d) 114; Tur-

man v. State, 57 S. W. (2d) 577; Pullen v. State, 68 S. W. (2d) 181.

Seeking a writ of certiorari to correct the alleged inperfection in the record, there are before this court three documents, two of which are signed by the appellant's attorney and not verified by affidavit, and one is signed by the official court reporter in which he states that appellant did give notice of appeal to the Court of Criminal Appeals. This document is signed but contains no verification by affidavit. There has just been filed with the clerk of this court an affidavit to the effect that notice of appeal was given and made a part of the record in the trial court. However, the document contains no certified copy of the entry of the notice of appeal in the trial court. There is before this court no copy of the notice of appeal alleged to have been given in the trial court. The law permits the completion of a record by way of certiorari where the proper procedure is pursued. To receive consideration, the application for writ of certiorari should set out in terms the notice of appeal as it is claimed to have appeared in the record in the trial court. The application should be verified by affidavit. See Texas Jur., vol. 4, p. 487, sec. 340. See, also, McElreath v. State, 56 S. W. (2d) 462, and cases collated in the motion for rehearing, including Nunn v. State, 40 Texas Crim. Rep., 435; Metcalf v. State, 115 Texas Crim. Rep., 382. In the Metcalf case, supra, and others, it has been declared that the application for a writ of certiorari to cure defects in the record will not be awarded unless the application contains a certified copy of the part of the record sought to be inserted.

The motion for certiorari is denied and the motion for rehearing is overruled.

*Overruled.*