FOSTER HENSON v. THE STATE.

No. 17441.   Delivered March 20, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*Keeney & Moseley,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery is the offense; penalty assessed at confinement in the penitentiary for ten years.

In the first count of the indictment the appellant was charged with robbery by assault upon the person of T. P. Strickland and taking from him fifty-four dollars in money.

The evidence heard in the trial court is not brought forward for review.

The verdict declared the appellant guilty as charged in the first count of the indictment and fixed his penalty as above stated, namely, confinement in the penitentiary for ten years.

A motion for new trial was filed but in the absence of the facts before the court nothing is perceived in the motion which would affect the verdict or authorize a reversal of the judgement. The motion was controverted. The trial judge heard the conflicting views and passed upon the motion. As the record appears, the conclusion of the trial judge is binding upon this court.

The sentence is properly written and condemns appellant to confinement in the penitentiary for not less than five nor more than ten years.

We find in the record a written statement by the appellant to the effect that he was not able to pay for a statement of facts. Nothing in the record discloses that a motion to require the court reporter to make a statement of facts without payment was presented to the trial judge or that he acted in the matter.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that because he filed an affidavit of inability to pay for a stenographic report of the facts, this would ipso facto entitle him to a reversal of his case where no statement of facts appeared in the record. We can not agree to the soundness of this proposition. We find from the record that he was able to make and did make a three thousand dollar bond for the appeal of this case. While it is true that on the same day on which the court adjourned the trial term, an affidavit was made by appellant setting out his inability to pay for a statement of facts, or secure the officer in making the same,—we find nothing in the record showing that such affidavit was ever called to the attention of the trial judge, or that he was ever asked to make an order directing the court stenographer to prepare the statement of facts. In cases which have been before this court on such showing we have uniformly held the fact of there being in the record no statement of facts, not ground for reversal. Olivus

v. State, 61 Texas Crim. Rep., 191; Wood v. State, 67 Texas Crim. Rep., 609; Jackson v. State, 70 Texas Crim. Rep., 292; Lewis v. State, 77 Texas Crim. Rep., 200; Fennell v. State, 90 Texas Crim. Rep., 408; Sisson v. State, 92 Texas Crim. Rep., 601; Williams v. State, 92 Texas Crim. Rep., 592.

The motion for rehearing is overruled.

*Overruled.*