RICHARD A. PALMER V. THE STATE.

No. 18973.   Delivered April 28, 1937.
Rehearing Denied June 9, 1937.

The opinion states the case.

*R. C. Wilson* and *Margaret Waters*, both of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at ninety-nine years in the penitentiary. The result of a former appeal is reported in 95 S. W. (2d) 459.

No bills of exception are brought forward. Several special requested charges were refused, exceptions to such refusal being noted on the requested charges over the trial judge's

signature, but it is impossible to appraise these complaints in the absence of a statement of facts.

In connection with a motion to postpone submission of this case appellant presents a request for certiorari, in which it is asserted that he filed in the trial court an affidavit requesting the trial judge to order the court reporter to furnish a free statement of facts. Said request for certiorari is not sworn to. Incorporated in the request is what purports to be an affidavit directed to the trial court praying for an order for said statement of facts. The affidavit appears to be sworn to by appellant. It does not appear to be a certified copy by the clerk of the court showing that it is on file in his office, neither is there any showing under oath that if such affidavit was ever filed in the court below that it was ever brought to the attention of the trial judge.

In Vol. 4, Tex. Jur., Sec. 341, p. 490, is found the following statement of the rule.

"* * * The application must also make it appear that the defect could be cured by awarding the certiorari; and must show the existence of papers or records sought to be brought up; and it must be accompanied by a certified copy of that part of the record sought to be inserted, * * *"

The text is supported by McElreath v. State, 122 Texas Crim. Rep., 556, 56 S. W. (2d) 462; Metcalf v. State, 115 Texas Crim. Rep., 382, 27 S. W. (2d) 807; Luman v. State, 20 S. W. (2d) 1064, and other authorities cited in the cases mentioned.

In Section 282, p. 414, Vol. 4, Tex. Jur., is the following text:

"To entitle the appellant to a free statement or to a reversal for failure to furnish it, he must file the required affidavit, and the record must affirmatively show that the affidavit was brought to the attention of the trial court."

Said text is supported by Fuller v. State, 98 Texas Crim. Rep., 132, 264 S. W., 953, and numerous other cases cited in the note.

There being no proper showing under oath that the affidavit mentioned was ever filed in the lower court, or if so, that it was ever called to the trial judge's attention, and no certified copy thereof accompanying the request for certiorari, it does not appear that the granting of the writ could avail appellant; the writ will, therefore, be denied.

For the same reason the request for postponement of sub-

mission will be overruled, and the judgment will be affirmed, and it is so ordered.

*Affirmed.*

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—We have again reviewed the record in the light of appellant's motion for rehearing, but fail to find anything which convinces us that we erred in any particular in the original disposition we made of this case.

We therefore overrule appellant's motion for rehearing.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.