Teofilo S. GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42433.

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

No attorney on appeal for appellant.

Jim Vollers, State's Atty., of Austin, for the State.

OPINION

BELCHER, Judge.

The offense is burglary; the punishment, nine years.

No transcript of the evidence is before this court for review. The record in this case contains an affidavit form of inability to pay for the transcription, which is not signed by the appellant and has not been approved by the court.

The record reveals the following:

This was a two staged trial on a plea of not guilty before a jury. The trial was had on March 24, 1969, and sentence was pronounced on April 17, 1969. On March 24, 1969, an attorney was appointed to represent the appellant on the trial. Another attorney had been, previous to the trial, appointed to represent the appellant, but had been permitted to withdraw as court appointed counsel. The appellant, a citizen of Mexico, was very difficult to communicate and deal with although he spoke excellent English. Upon the return of the jury's verdict the appellant told his second appointed counsel that he was going to employ another attorney to represent him on appeal. The second appointed counsel filed a motion for new trial which was overruled on April 17, 1969. Following the overruling of the motion, sentence was pronounced, and the court noted that appellant gave notice of appeal, and on April 18, 1969, entered a formal order giving notice of appeal.

On April 23, 1969, the second attorney appointed who was also appointed to ap-

peal the case informed the court that he had contacted the appellant to get him to sign an affidavit of inability to pay the court reporter but he would not do so. The appellant first refused to sign because "that was the job of counsel" and next "for the reason that counsel was to pay the court reporter." After the appellant talked to his wife, he agreed to sign, but then he backed out because the affidavit did not list two other cases which at that time were pending against him, but had not been tried. The appellant "flatly refused to sign it," the affidavit. The unsigned affidavit form accompanies the record.

Trial counsel requested that the court order a free transcript without the appellant's affidavit.

Article 40.09(5), Vernon's Ann.C.C.P., provides:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and defendant shall pay therefor. *The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor.* Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial judge. The court reporter shall report any portion of the proceedings requested by either party or directed by the court." (Emphasis added).

By virtue of Article 40.09, supra, the State of Texas gives to all indigent defendants whose cases are appealable by law to the Court of Criminal Appeals the right to have a transcript of all or any part of the court reporter's notes. There was no reversible error in the trial court's failure

to order the court reporter to prepare a statement of facts in this case when defendant understandingly, knowingly and intentionally refused to follow the procedure set out in the statute which was timely and properly made available to him. Kelly v. State, 69 Tex.Cr.R. 550, 155 S.W. 225; Andrews v. State, 91 Tex.Cr.R. 122, 237 S. W. 1113; Ex parte Ambrose, 145 Tex. Cr.R. 582, 170 S.W.2d 731.

The record on appeal reflects no ground of error or unassigned error which this Court may review without a transcript of the evidence.

The judgment is affirmed.