WILLIAM TURNER v. THE STATE.

*No. 913.   Decided January 22nd, 1896*

**Aggravated Assault and Battery—Accidental Blow—Parent and Child— Unlawful Act.**

On a trial for aggravated assault and battery, where it appeared that defendant, in chastising his step-daughter with a rope, accidentally struck his wife. Held: Defendant having the right as parent, to inflict moderate punishment upon the child, he could not be convicted of an aggravated assault and battery upon his wife under the facts stated, unless it was further shown that he was engaged in an unlawful act; that is, was inflicting immoderate punishment upon the child. If not engaged in an unlawful act, the accidental blow to the wife, was not a crime.

APPEAL from the County Court of Tarrant.   Tried below before Hon. GEO. W. ARMSTRONG, County Judge.

This appeal is from a conviction for an aggravated assault and battery, by an adult male upon a female.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

HENDERSON, JUDGE.—This is a conviction for aggravated assault and battery. The appellant was the step-father of Nellie Beck, and ordered her to assist her mother in getting supper. She refused to do this. Whereupon appellant proceeded to inflict upon her punishment with a rope. He stood in the relation of parent to the girl, and had the right to correct her in moderation. When striking at the girl, the proof shows that he accidentally struck his wife; and this conviction is for an assault and battery upon his wife. Appellant was tried and acquitted of the assault and battery upon the girl. Whether the acquittal of appellant for the assault upon the girl is conclusive as to whether the punishment inflicted upon the girl was excessive or not it is not necessary

for us to decide. He being her parent in law, he had a right to inflict moderate punishment upon her. The presumption is that the punishment was moderate; and in order to convict appellant, the State must show that he was inflicting immoderate punishment upon the girl; and, unless this was the case, his acts were legal. And if he was not in the commission of an unlawful act, the accidental blow to the wife was not a crime. We are of the opinion, therefore, that the testimony does not support the verdict. The proof showing that he occupied the relation of parent to the child, it must go further, and show that the punishment was excessive, in order to place the defendant in the wrong; and hence, if not in the wrong, he can rely upon the accident. The judgment is accordingly reversed.

*Reversed and Remanded.*