## HIRAM NUNN v. THE STATE.

### No. 1678. · Decided April 26, 1899.

**1. Certiorari—Practice on Appeal.**

The writ of certiorari will not lie to compel the clerk of the Court of Criminal Appeals to return a transcript to the clerk of the trial court in order that counsel may inspect it.

**2. Same.**

Nor will a writ of certiorari lie to compel the clerk of the Court of Criminal Appeals to return a transcript to the clerk of the trial court because filed in the former court either before or after the expiration of the twenty days provided by law for filing same.

**3. Filing of Transcript on Appeal.**

The fact that the transcript was filed at the proper term, and at the proper branch of the Court of Criminal Appeals, subsequent to the calling of the assignment to which the county from whence the appeal was taken belongs, constitutes no reason for the return of the transcript to the clerk of the trial court.

**4. Certiorari to Perfect Record—The Application for.**

Where a certiorari is sought to perfect the record on appeal, the defective or incorrect portions of the transcript sought to be amended or perfected must be pointed out in the application for the writ; and if the defect consists in the transcribing orders, judgments, or pleadings, a copy of the particular instrument should be attached to the application.

**5. Same.**

A statement in an application for certiorari to perfect a record, "that applicant's attorneys are informed and believe that said transcript is incorrectly made, and is incomplete," is too indefinite.

**6. Recognizance on Appeal—Sufficiency.**

A recognizance for appeal, to be sufficient, must be couched in the terms for such recognizance, as they are provided in article 887, as amended by Acts Twenty-fifth Legislature, page 5. It must recite the fact that appellant has been convicted, and state the punishment assessed against him, and must bind him to appear before the lower court to abide the judgment of the Court of Criminal Appeals of the State of Texas in the case.

APPEAL from the County Court of Eastland. Tried below before Hon. G. W. DAKAN, County Judge.

Appeal from a conviction for malicious mischief, in willfully and wantonly maiming and wounding a dog; penalty, a fine of $1.

No statement necessary.

*Hill & Schmick*, for appellant. ∘

*Robt. A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of malicious mischief, and his punishment was assessed at a fine of $1; hence this appeal.

The Assistant Attorney-General moves to dismiss the appeal herein on three grounds: (1) The recognizance is not in compliance with the terms of Acts Twenty-fifth Legislature, page 5, prescribing a form of recognizance on appeal. (2) It fails to recite the punishment assessed against appellant. (3) It does not bind appellant to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case. Subsequent to the filing of this motion appellant applied for a writ of certiorari, stating in general terms that the transcript is incomplete, and that it was not filed within the legally prescribed time, and further asking that the transcript be returned to the clerk of the trial court, so that his counsel might have an opportunity of examining it and preparing his brief.

The writ of certiorari will not lie to compel the clerk of this court to return a transcript to the clerk of the trial court in order that counsel may inspect it. Nor will said writ lie for the purpose of compelling the clerk of this court to return to the clerk of the trial court such transcript, because filed in this court either before or after the expiration of the twenty days provided by law for filing same. This appeal was returnable to the Dallas term of this court, and the record was filed by the clerk of that court on the 27th of March, 1899. This was subsequent to the calling of the assignment to which Eastland County was returnable. This does not constitute a reason why the record should be returned. See Cummings v. State, 31 Texas Crim. Rep., 406; Rust v. State, 14 Texas Crim. App., 19; Sweeney v. State, 5 Texas Crim. App., 41. The application for certiorari is defective in not stating wherein the transcript is deficient, or what portion has been incorrectly transcribed. The statement of the application in this respect is as follows: "That applicant's attorneys are informed, and believe, that said transcript is incorrectly made, and is incomplete." Where a certiorari is sought to have an incomplete or incorrect transcript corrected or completed, the defective or incorrect portions of the transcript must be pointed out; and, if the defect consists in transcribing orders, judgments, or pleadings in the case, a copy of the particular instrument said to be erroneously transcribed should be attached to the application for certiorari, so that this court may know upon what it is acting. The statement that the attorneys believe a transcript is incorrect is too indefinite. There is no reason shown why the certiorari should be awarded.

Recurring to the motion of the Assistant Attorney-General to dismiss the appeal upon the grounds stated, we find the portion of the recognizance upon which the motion is based reads: "*   *   *   But to be, nevertheless, void in case the said principal shall well and truly make his personal appearance before the honorable County Court of Eastland County, Texas, at the courthouse of said county, in Eastland, Texas, on the 3d day of April, 1899, and there remain from day to day and from term to term, until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment, duly presented in said court, wherein the said Hiram Nunn is accused of the

offense of unlawfully, willfully, and wantonly maiming and wounding a dog; otherwise, to remain in full force and effect." This is approved by the county judge. It will be observed that this attempted obligation does not set out the terms of the recognizance required in this character of case by the Act of 1897. See Acts 25th Leg., 1897, p. 5. It is an obligation requiring appellant to appear before the County Court of Eastland County to answer an indictment charging him with maiming and wounding a dog, etc. It does not seek to bind him to appear before that court to abide the judgment of this court on his appeal. It does not even recite the fact that he had been convicted, and does not state the punishment. It does not seem to have any of the elements of a recognizance required to be given by an appellant on appeal to this court. The motion to dismiss is sustained. See McGough v. State (decided at present term), 50 S. W. Rep., 712. The appeal is accordingly dismissed.

*Dismissed.*