## Lawrence Savage v. The State.

No. 6974.    Decided Dctober 25, 1922.

Rehearing Denied November, 1922.

**1.—Aggravated Assault—Self-Defense—Charge of Court.**

Self-defense obtains in assault cases, and exists against the reasonable apprehension of danger, and where, in the instant case, there was substantive evidence representing such defense, and the court was properly requested to affirmatively charge thereon, its failure to do so was reversible error.

**2.—Same—Requested Charge—Defensive Theory.**

Upon trial of aggravated assault, the evidence raised the issue that the injured party voluntarily went to the parties while fighting, and attempted to aid her husband, and was bruised in the melee, and it was seriously controverted as to who made the bruise, this phase of the case should have been submitted as requested, as also the question that the injured party took part in the difficulty, aiding her husband against the defendant.

**3.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded, the application for continuance need not be considered on appeal.

Appeal from the County Court of Hill. Tried below before the Hon. W. L. Wray.

Appeal from a conviction of aggravated assault; Penalty a fine of $750.

The opinion states the case.

*Collins, Dupree & Crenshaw,* for appellant.—On question of self-defense, Stevens v. State, 84 Nebraska 759; Clarke v. State, 19 Texas Crim. App., 495; Spannell v State, 203 S. W. Rep,, 257; Byington v. State, 238 id., 652;

*R. G. Storey*, Assistant Attorney General, and Will M. Martin County Attorney, and J. H. Clarke, Assistant County Attorney, for the State.—On question of self-defense; Thomas v. State, 49 id., 644; Jordan v. State, 146 S. W. Rep., 880; On question of refusing defendant's requested Charge Norris v. State, 42 Texas Crim. Rep., 560.

LATTIMORE, JUDGE.—Appellant was convicted of aggravated assault in the county court of Hill County punished by a fine of $750.

Appellant sold some turkeys to a merchant in the town of Malone. Will Maass saw the turkeys and said they were his. Later the two men met on the street and fought. The evidence was contradictory as to who began the fight and also as to whether Mrs. Maass was struck by appellant during said fight, and also as to whether she was intentionally struck, if at all. The charge against appellant was that he, an adult male person, committed an assault upon Mrs. Maass, a female.

Self-defense obtains in assault cases. Subdivision 6, Article 1014, P. C. The right to so defend exists against a reasonable apprehension of danger. Munden v. State, 37 Texas, 353; Moore v. State, 15 Texas Crim. App., 1. If there be substantive evidence supporting or presenting defensive theories and the court be properly requested to affirmatively present the law relating thereto, his failure to so present said issues either in the main charge or by giving requested charges would be reversible error. Appellant testified that Mr. Maass doubled up his fists and made a break at him and that they went to fighting. State witness McCluskey said he saw appellant and Maass fighting and that in a minute or two Mrs. Maass came up and tried to get between the men and that appellant hit her and she fell. This witness said: "I saw Mr. Maass striking at Mr. Savage and Mr. Savage striking at Mr. Maass. Mrs. Maass ran right up in front of Mr. Savage and tried to get in between them. I don't know that she got clear in between them. She tried to get in between them while they were stricking at each other. They were fighting all the time that I saw Mrs. Maass around there trying to go in between them. The fight was over pretty quick after I saw it."

In another place he further stated: "I saw Mr. Savage and Mr. Maass fighting in the street. Mrs. Maass came up in just a minute or two; I don't know; in just a short time she came up and tried to get in between them. The defendant was fighting Mr. Maass, hitting him, and of course hit her and she fell. He hit her about the head or face. I couldn't tell exactly. He was hitting Mr. Maass on the head or about the head and face and Mr. Maass had his hands up and trying to fight or fighting and she had her hands up and tried to get between them looked like, the best I could tell. I saw the defend-

ant hit her. She fell in the street, She got up and did the same thing, tried to get to him again, had her hands up trying to get to him, and he knocked her down again.''

This much of the evidence is given to make plain the fact that the issue of self-defense was raised based on appellant's belief that Mr. Maass was in the act of attacking him, or his reasonable apprehension that such was the case; also that the further issue was supported by testimony, that he had the right to resist any attack of Maass and to meet force with force, and that if in so doing he struck Mrs. Maass unintentionally he would not be guilty. Appellant had the right to an affirmative presentation of these defensive theories as same were set forth in his special charges Nos. 2 and 3, both of which were refused.

We are also of opinion that the court was in error in not giving special charge No. 1 to the effect that if Mrs. Maass was struck by her husband during the fight, or if the jury had a reasonable doubt as to whether she was struck by appellant they should acquit. There was evidence of the fact that after the fight Mrs. Maass had bruised places on her face. While she, her husband and another witness said appellant struck her,—appellant and another man who witnessed the fight swore that he did not strike her at all. That Mrs. Maass voluntarily went to the parties while fighting and attempted to aid her husband or to separate the men, is not questioned. That some one some how during the melee made a bruise on her face seems clear, it being seriously controverted as to who made the bruise. This issue of fact was for the settlement of the jury under appropriate instructions. This we think was embodied in special charge No. 1 above referred to.

There is another proposition:—If Maass was the aggressor in the fight and by his action gave to appellant the right to defend himself and, while he was so defending himself, Mrs. Maass took such part in the difficulty, as that it reasonably appeared to appellant under the circumstances that she was aiding or acting with her husband in an attack upon him, appellant would have had the same right to defend against her attack as against that of her husband. If the jury believed that Maass was the aggressor and that appellant used no more force than was reasonably necessary as viewed from his standpoint to repel the attack of Maass or of Maass and his wife, they should have been instructed to find appellant not guilty. This principle was embodied in special charge No. 4, the substance of which we think should have been given.

A further discussion of the facts of the case would be of no material benefit as the case will probably have to be tried again. The matter of the refusal of a continuance will not be reviewed because not necessary to a disposition of the appeal.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied. November 1922. REPORTER].