LAWRENCE SAVAGE V. THE STATE.

No. 7884.   Delivered January 28, 1925.

Rehearing denied May 20, 1925.

**1.—Aggravated Assault—Charge of Court—Special Charges Refused—No Error.**

Where numerous special charges are presented, and the trial court gives all that fully and correctly presents the defensive theory, this renders unnecessary the giving of the other special charges requested.

2.—Same—Special Charge—Properly Refused.

Where a special charge is requested to the effect that if appellant during his fight with Maas accidentally struck the wife of Maas, it was properly refused. One who is guilty of an assault, in attempting to strike his original antagonist, strikes another, he cannot claim justification for such accidental blow, but would be guilty of an offense thereby. Following Plummer v. State, 4 Tex. C. A. 310 and other cases cited.

3.—Same—Charge of Court—In Misdemeanor Case—Exceptions to.

Where in a misdemeanor case appellant excepts to the court's charge generally for its failure to present the law applicable to the phases of self-defense, this does not present error. Special charges correctly presenting such defensive theories should be presented.

4.—Same—Evidence—Properly Admitted.

Testimony which elucidates the cause of an assault are generally admissible, and in the instant case it was proper to admit the testimony of Mrs. Maas that she found and identified four of her turkeys in appellant's Coop, the theory of the State being that appellant assaulted Maas because of his claim to said turkeys.

ON REHEARING.

5.—Same—Certiorari—When Granted.

Where an application is presented in this court for a writ of certiorari to insert in the record a bill of exceptions not appearing in same, the application must be accompanied by such copy of said bill, in order that this court may know whether it is necessary or of avail, that the record be corrected. Following Nunn v. State, 40 Tex. C. R. 436, which has been uniformly followed.

Appeal from the County Court of Hill County. Tried below before the Hon. W. L. Wray, Judge.

Appeal from a conviction of an aggravated assault; penalty a fine of $300.00.

The opinion states the case.

*Collins, Dupree & Crenshaw*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Hill County of aggravated assault, and his punishment fixed at a fine of $300.00.

This is the second appeal. See 92 Texas Crim. Rep. 520. The facts are substantially the same as on the former trial, and enough of them are stated in the opinion above referred to.

The court gave a correct charge as applicable to the case made by the State. A number of exceptions were taken to the charge of the

court for its failure to fully and correctly present the defensive theories, but in line with the holding of this court in misdemeanor cases appellant's counsel presented a number of special charges in which the defensive theories were set out. The learned trial court gave four of said requested charges, and in our opinion thus fully covered those defensive issues supported by testimony and rendered unnecessary the giving of the other special charges requested.

No bill of exceptions was taken to the refusal of special charge No. 5. Requested charge No. 6 was properly refused. If appellant was in the wrong in his difficulty with Bill Maas, and was guilty of some grade of assault on the latter, it would be erroneous to tell the jury that appellant should be acquitted if in his fight he accidentally struck Mrs. Maas. This might or might not be applicable under the facts. As we understand the law if one who begins an affray, or is guilty of an assault resulting in a fight, strikes a blow or does an act intended for his original antagonist, but which takes effect upon another, he can not claim justification for such accidental blow, but would be guilty of an offense thereby. Plummer v. State, 4 Texas Crim. App. 310; Clark v. State, 19 Texas Crim. App. 495; Turner v. State, 35 Texas Crim. Rep. 369.

Special charges 7, 8 and 9 in so far as applicable were fully covered by special charges 2, 3 and 4 which were given.

The exceptions to the court's charge for its failure generally to present the law applicable to the phase of self-defense, etc., this being a misdemeanor case, would of themselves present no error. We consider only the refusal of special charges presented for the purpose of supplementing the court's original charge. In our opinion the charge complained of in bill of exceptions No. 11 does not present a correct legal proposition. As above indicated, we do not think it necessary to the conclusion of guilt, that appellant should have had a specific intent to injure Mrs. Maas in any blow that he may have inflicted upon her.

It was not contended by the State that appellant sought Bill Maas with arms or under any circumstances that might be considered by the jury as curtailing his perfect right of self-defense. Nor was there any charge given denying appellant his full right of self-defense. It was not necessary for the court, in our opinion, to tell the jury that appellant had a right to seek Maas for an explanation. The only legal grounds of self-defense that we perceive in the case were that from the circumstances as they appeared to defendant viewed from his standpoint, Maas was about to begin an assault upon him or had assaulted him. We see no objection to the testimony offered by the State of the fact that Mrs. Maas was permitted to give the description of four of her turkeys which she found in a coop at the town of Malone. The fact that she identified these turkeys and claimed them was a part of the develop-

ment of the State's case against appellant who, according to the State's theory, assaulted Mrs. Maas, because of his claim to said turkeys.

Appellant's bill of exception No. 14, to which he devotes most of his brief, is in question and answer form and for that reason can not be considered.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant accompanies his motion by a request for certiorari in order that a bill of exceptions may be incorporated in the record which he asserts is not now in same. Neither the application for certiorari nor the motion for rehearing is accompanied by any certified copy of that part of the record sought to be now inserted. In Nunn v. State, 40 Texas Crim. Rep. 436, appears the statement that the application must be accompanied by such copy in order that this court may know whether it is necessary or of avail that the record be corrected. The case cited has been followed uniformly since.

The motion for rehearing but reiterates the statement as to each of appellant's bills of exception, that we erred in not sustaining same. No new reasons or arguments supporting appellant's insistence, appears in the motion. We gave to the various points raised our careful consideration in the preparation of our original opinion, and see no reason for changing our views.

The motion for rehearing will be overruled.

*Overruled.*