## SAVAGE v. STATE. (No. 7884.)

(Court of Criminal Appeals of Texas. Jan. 28, 1925. Rehearing Denied May 20, 1925.)

**1. Assault and battery ⊚⇒67—Justification for accidental blow cannot be claimed by one who begins affray.**

If one who begins an affray strikes a blow or does an act intended for his original assailant, but which takes effect on another, he cannot claim justification for such accidental blow, but would be guilty of an offense thereby.

**2. Criminal law ⊚⇒772(6)—Failure of charge to cover matters of self-defense not error in misdemeanor case.**

Failure generally of charge to present law applicable to phases of self-defense in misdemeanor assault case is not error.

**3. Assault and battery ⊚⇒96(1)—Unnecessary for court to instruct that defendant had right to seek victim for explanation.**

In prosecution for aggravated assault, *held* that it was unnecessary for court to instruct that defendant had a right to seek his victim for an explanation.

**4. Assault and battery ⊚⇒84—Testimony of wife of victim describing turkeys found in a coop held admissible.**

In prosecution for aggravated assault, testimony of wife of victim describing four of her turkeys which she found in a coop was admissible in support of state's theory that defendant assaulted his victim because of his claims to such turkeys.

**5. Criminal law ⊚⇒1091(11)—Bill of exceptions in question and answer form not considered.**

Bill of exceptions in question and answer form cannot be considered by the appellate court.

On Motion for Rehearing.

**6. Criminal law ⊚⇒1110(8)—Certiorari to incorporate bill of exceptions in record would be denied.**

Certiorari on motion for rehearing to incorporate a bill of exceptions in record would be denied, where neither application for certiorari nor motion for rehearing was accompanied by any certified copy of that part of record sought to be inserted.

Appeal from Hill County Court; W. L. Wray, Judge.

Lawrence Savage was convicted of aggravated assault, and he appeals. Affirmed.

Collins, Dupree & Crenshaw, of Hillsboro, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the County Court of Hill county of ag-

gravated assault, and his punishment fixed at a fine of $300.

This is the second appeal. See 92 Tex. Cr. R. 520, 244 S. W. 1002. The facts are substantially the same as on the former trial, and enough of them are stated in the opinion above referred to.

The court gave a correct charge as applicable to the case made by the state. A number of exceptions were taken to the charge of the court for its failure to fully and correctly present the defensive theories, but in line with the holding of this court in misdemeanor cases appellant's counsel presented a number of special charges in which the defensive theories were set out. The learned trial court gave four of said requested charges, and in our opinion thus fully covered those defensive issues supported by testimony, and rendered unnecessary the giving of the other special charges requested.

[1] No bill of exceptions was taken to the refusal of special charge No. 5. Requested charge No. 6 was properly refused. If appellant was in the wrong in his difficulty with Bill Maas, and was guilty of some grade of assault on the latter, it would be erroneous to tell the jury that appellant should be acquitted if in his fight he accidentally struck Mrs. Maas. This might or might not be applicable under the facts. As we understand the law, if one who begins an affray, or is guilty of an assault resulting in a fight, strikes a blow or does an act intended for his original assailant, but which takes effect upon another, he cannot claim justification for such accidental blow, but would be guilty of an offense thereby. Plummer v. State, 4 Tex. App. 310, 30 Am. Rep. 165; Clark v. State, 19 Tex. App. 495; Turner v. State, 35 Tex. Cr. R. 369, 33 S. W. 972.

Special charges 7, 8, and 9, in so far as applicable, were fully covered by special charges 2, 3, and 4, which were given.

[2] The exceptions to the court's charge for its failure generally to present the law applicable to the phases of self-defense, etc., this being a misdemeanor case, would of themselves present no error. We consider only the refusal of special charges presented for the purpose of supplementing the court's original charge. In our opinion the charge complained of in bill of exceptions No. 11 does not present a correct legal proposition. As above indicated, we do not think it necessary to the conclusion of guilt that appellant should have had a specific intent to injure Mrs. Maas in any blow that he may have inflicted upon her.

It was not contended by the state that appellant sought Bill Maas with arms or under any circumstances that might be considered by the jury as curtailing his perfect right of self-defense; nor was there any charge giv-

en denying appellant his full right of self-defense.

[3, 4] It was not necessary for the court, in our opinion, to tell the jury that appellant had a right to seek Maas for an explanation. The only legal grounds of self-defense that we perceive in the case were that from the circumstances as they appeared to defendant, viewed from his standpoint, Maas was about to begin an assault upon him or had assaulted him. We see no objection to the testimony offered by the state of the fact that Mrs. Maas was permitted to give the description of four of her turkeys which she found in a coop at the town of Malone. The fact that she identified these turkeys and claimed them was a part of the development of the state's case against appellant, who, according to the state's theory, assaulted Mrs. Maas because of his claim to said turkeys.

[5] Appellant's bill of exception No. 14, to which he devotes most of his brief, is in question and answer form, and for that reason cannot be considered.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

[6] Appellant accompanies his motion by a request for certiorari in order that a bill of exceptions may be incorporated in the record which he asserts is not now in same. Neither the application for certiorari nor the motion for rehearing is accompanied by any certified copy of that part of the record sought to be now inserted. In Nunn v. State, 40 Tex. Cr. R. 436, 50 S. W. 713, appears the statement that the application must be accompanied by such copy in order that this court may know whether it is necessary or of avail that the record be corrected. The case cited has been followed uniformly since.

The motion for rehearing but reiterates the statement as to each of appellant's bills of exception that we erred in not sustaining same. No new reasons or arguments supporting appellant's insistence appears in the motion. We gave to the various points raised our careful consideration in the preparation of our original opinion, and see no reason for changing our views.

The motion for rehearing will be overruled.