### .LUMAN v. STATE. (No. 12578.)

Court of Criminal Appeals of Texas.
June 5, 1929.

Rehearing Denied Oct. 30, 1929.

Murchison & Davis, of Haskell, J. F. Weeks, of Odessa, and T. M. Milam, of Fort Stockton, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for receiving stolen property; punishment, three years in the penitentiary.

Upon an inspection of the record it appears that no sentence is found. Attention is called by the state's attorney with this court to the fact that there is no sufficient recognizance in the record. This contention of the state is also well taken. The recognizance that appears in the record states the name of no surety, and does not set out whether the offense charged is a felony or a misdemeanor, and does not state the time or place the recognizance binds the appellant to appear, nor the court before which he is bound to appear.

For the lack of a sentence and a sufficient recognizance, the appeal will be dismissed.

On Application for Certiorari and Motion for Reinstatement.

HAWKINS, J. Appellant has filed application for certiorari in which—after stating that the transcript contains no sentence, and referring to the defective recognizance —appears the following statement: "That the above named sentence and recognizance are matters of correct record in the district court of Pecos County, Texas, and are in existence in said county." No copies of the sentence or recognizance are attached to the application. In passing upon the sufficiency of application for certiorari in Nunn v. State, 40 Tex. Cr. R. 435, 50 S. W. 713, this court, speaking through Judge Davidson, said: "Where a certiorari is sought to have an incomplete or incorrect transcript corrected or completed, the defective or incorrect portions of the transcript must be pointed out; and, if the defect consists in transcribing orders, judgments, or pleadings in the case, a copy of the particular instrument said to be erroneously transcribed should be attached to the application for certiorari, so that this court may know upon what it is acting." Practically the same language may be found in Savage v. State, 100 Tex. Cr. R. 361, 272 S. W. 193, which follows Nunn's Case.

The application for certiorari is denied, and the motion to reinstate is overruled.