JOHN NOVAKOVITCH V. THE STATE.

No. 16561.   Delivered March 28, 1934.

The opinion states the case.

W. S. Birge, of Amarillo, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for "untrue advertising," the punishment being a fine of two hundred dollars.

The prosecution was under article 1554, P. C. (1925) which, so far as applicable here, reads as follows: "Whoever with intent to sell * * * merchandise * * * which he owns or of which he has control * * * to the public, * * * makes, publishes * * * circulates * * * in a newspaper, or * * * circular * * * an advertisement of any sort regarding merchandise, as to its character or cost, * * * which advertisement contains any assertion, representation or statement of fact which is known by said person

or could have been known by use of reasonable diligence or inquiry to be untrue, deceptive or misleading in any material particular as to such * * * things so advertised, shall be fined not less than ten nor more than two hundred dollars."

In addition to averring that the advertisement contained a representation, assertion and statement of fact known by appellant to be untrue, it was alleged that such assertion was deceptive and misleading; and further that it could have been known by the use of reasonable diligence by appellant to be untrue, deceptive and misleading. In the case of Dave Pincus v. The State of Texas, *Opinion No. 16,457, delivered February 28, 1934, we expressed the opinion that that part of the statute undertaking to penalize one who "could have known by use of reasonable diligence or inquiry" that the advertisement was untrue is of doubtful validity. Moreover, we said that the terms "deceptive or misleading" appear to be vague and fraught with uncertainty. However, in the present case it is directly alleged that appellant knew the representations to be untrue. Rejecting as surplusage the averments following that part of the statute questioned in Pincus' Case, the complaint and information appear to be sufficient to charge the offense.

Appellant inserted in the Amarillo Globe an advertisement to the effect that a 10 pound package of sugar could be purchased for 39 cents, provided the purchaser paid an extra 10 cents for a package of rice. It appears to have been uncontroverted that there were on a counter in appellant's store, 2, 5, 8 and 10 pound packages of sugar, on the bottoms of which the weights were plainly marked. On this counter there were ten cent packages of rice. The customer waited on himself and paid at the register. According to the testimony of many witnesses for appellant who had gone to the store after the advertisement had been inserted, they had waited on themselves and secured 10 pounds of sugar and a 10 cent package of rice for 49 cents. They testified that if they did not desire the rice they paid 39 cents for 8 pounds of sugar. All of these witnesses testified that they were not misled by the advertisement and that the sugar and rice were available to them and secured by them at the time they made the purchases. An employee of the City Health Department accompanied by an employee of the State Health Department went to the place of business of appellant and checked the weights on the various packages of merchandise offered for sale. He testified that he found the merchandise to be accurately weighed; that the markings on the bottoms of the sacks of sugar were legible; that the customer could easily see

such markings and could have secured a sack of sugar weighing 10 pounds, and a 10 cent package of rice. State's witness Knox testified that after reading the advertisement he went to appellant's store for the purpose of securing a 10 pound sack of sugar and a 10 cent package of rice for 49 cents; that he waited on himself and paid 49 cents at the register for the two articles; that he learned upon reaching home that the package of sugar only weighed 8 pounds; that it had 8 pounds marked on the bottom of the sack; that he reported the matter to the sheriff who gave him 49 cents with which to make another purchase; that he proceeded to the store again and asked for 10 pounds of sugar and a 10 cent package of rice; that he paid 49 cents for the two articles; that the sugar only weighed 8 pounds and had 8 pounds marked on the bottom of it. Appellant did not wait on the witness. It does not appear that the witness ever went back to appellant with the complaint that he had been given 8 instead of 10 pounds of sugar.

We gravely doubt the sufficiency of the evidence.

Bill of exception No. 1 presents the following occurrence: While State's witness Knox was on the stand he was asked on cross-examination, for the purpose of laying a predicate for impeachment, if he did not state to a named witness in the Helpy-Selfy store on a given date that the purchase he had made from appellant upon the second occasion consisted of 10 pounds of sugar and a 10 cent package of rice. Notwithstanding appellant's counsel stated to the court that he desired to lay a predicate for impeaching the witness and would introduce the impeaching witness at the proper time, the court sustained the State's objection that the testimony was hearsay. Thereafter the impeaching witness was introduced and appellant sought to prove by him that Mr. Knox made the statement in question at the time and place mentioned. The bill of exception recites that the witness would have testified that such statement was made. We think the bill of exception reflects reversible error. Appellant had a right to impeach the witness by laying a predicate and proving contradictory statements as to material matters.

As shown in bill of exception No. 3, a witness for the State was permitted to testify, over appellant's proper objection, that appellant's reputation for false and tricky advertising was bad; and further, that the newspaper operated by the witness would not take appellant's advertisements because of the fact that the public had lodged numerous complaints to the effect that the weights and measures in appellant's store were not satis-

factory. The bill presents reversible error. We have held in cases involving a violation of the liquor laws that it could not be shown that the accused was reputed to be a bootlegger. Obviously, the testimony to the effect that one of the newspapers in the town had listened to the complaints on the part of the public that appellant's weights and measures were not satisfactory, and, as a result, had refused to accept appellant's advertisements was inadmissible. What the public had told the proprietor of the paper was hearsay. The testimony touching his refusal to print appellant's advertisements was equivalent to expressing the opinion that appellant was guilty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Reported on page 188 of this volume).