## NELL BROOKS v. THE STATE.

No. 18169.   Delivered February 5, 1936.
Rehearing Denied February 26, 1936.
On the Merits April 1, 1936.

The opinion states the case.

*Heidingsfelder & Wander, Charles Murphy,* and *H. G. Hart,* all of Houston (*Sam W. Davis,* of Houston, and *A. H. Spann,* of Navasota, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

This cause has not been submitted on the merits. Prior to such submission appellant submits an application for certiorari in which she requests this court to issue an order directing the district clerk of Harris County to incorporate in the record certain bills of exception which the court below refused to approve. Further it is requested that said clerk be directed to forward to this court a copy of the court reporter's notes in question and answer form.

The application for certiorari is not accompanied by certified copies of the bills of exception sought to be now inserted in the record. In Savage v. State, 272 S. W., 193, appears the statement that the application must be accompanied by such copies in order that this court may know whether it is necessary or of avail that the record be corrected. See also Luman v. State, 20 S. W. (2d) 1064; Metcalf v. State, 27 S. W. (2d) 807; McElreath v. State, 56 S. W. (2d) 462.

We find in the record a narrative statement of facts duly approved by the trial judge. It appears that the copy of the court reporter's notes to which we have referred was not approved by the trial judge. Under the circumstances, it would avail appellant nothing to have same before this court.

The application for certiorari is denied.

*Denied.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REHEARING ON APPLICATION FOR CERTIORARI.

LATTIMORE, JUDGE.—Appellant moves for a rehearing of our denial of her application for certiorari herein, and attaches to her motion duly certified copies of the four bills of exception which she asserts were wrongfully denied a place in this record on appeal. We find upon examination of the transcript herein, that the learned trial judge of the court below, upon his refusal of appellant's said bills of exception, duly made and filed in lieu thereof his own bills, each of said bills so filed in lieu of the refused bills being shown by the recitals in the court's bills to be upon the same matter. This is in accord with the provisions of Art. 2237, Revised Civil Statutes, 1925.

It would become the duty of appellant in such case, if not satisfied with the court's bills so prepared and filed by him, to resort to bystanders' bills, as is provided in said article, in order to have the matter complained of reviewed by this court. It being thus apparent that appellant is not entitled to her writ of certiorari, the motion for rehearing is overruled.

*Overruled.*

### ON THE MERITS.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and her punishment was assessed at death.

The indictment in this case is in three counts. The first count charges that Nell Brooks on or about the 25th day of May, A. D. 1934, in the county of Harris and State of Texas, did with malice aforethought voluntarily kill Will Brooks, by shooting him with a pistol. The second count charges that Levi Johnson on or about the said date in the county of Harris and State of Texas, did with malice aforethought voluntarily kill Will Brooks, by shooting him with a pistol. The third count charges that Nell Brooks on or about said date and in said county and state prior to the commission of said offense by said Levi Johnson as aforesaid, advised, commanded, and encouraged said Levi Johnson to commit said offense, the said Nell Brooks not being present at commission of said offense by the said Levi Johnson.

The testimony adduced by the State shows that Nell Brooks, the appellant, who was the wife of the deceased, had prior to the commission of said offense threatened to place him, said Will Brooks, "on the spot" and have him killed; that she offered to pay Levi Johnson the sum of five hundred dollars to kill said Will Brooks; that on the 25th day of May Levi Johnson and Jesse Morgan went to the Brooks' home, entered and took a position in a hall near the living room, and, when the deceased entered the front door, in response to a summons from the appellant that someone wanted to talk to him over the telephone, said Levi Johnson shot him, the said Will Brooks, three times from the effects of which he died instantly; that on said night after the killing Ethel Phillips delivered to Levi Johnson two hundred dollars in bills, of which said amount Levi Johnson on the next day spent one hundred thirty-five dollars to purchase a second-hand automobile.

The State for the purpose of establishing a motive on the part of the appellant for the commission of the offense offered testimony to the effect that the deceased carried one or two life insurance policies in which appellant was named as the beneficiary and that she collected the same. Appellant testified in her own behalf denying that she had threatened to have her husband killed, or that she employed Levi Johnson to do so, or that she agreed to pay said Levi Johnson or any one else any sum of money whatever. She also denied that she delievered to Ethel Phillips any money to be delivered by her to Levi Johnson. The testimony of the State as well as that of the appellant shows that at the time of the shooting of the deceased the appellant, the mother of deceased, and some other women were in front of a restaurant located near the home

of appellant and her deceased husband; that while at the restaurant she, the appellant, heard the telephone ring at her home and sent a party to summon the deceased to answer the said telephone; that as he, deceased, entered his home in response to said summons, he was shot and killed.

There are thirty-three bills of exception in this record. We will not undertake to discuss all of them for the reason that many of them are without merit and most of them are so qualified by the trial court as not to show any reversible error.

By bill of exception number three appellant complains of the testimony of Flora Hill, mother of deceased, to the effect that the defendant under threats of burying the deceased in a plain box extorted from the witness a contribution of two hundred twenty-one dollars toward the funeral expenses of deceased. The objection thereto being that it was immaterial and irrelevant and that it was harmful and calculated to prejudice the jury against her. The court qualifies said bill and in his qualification states that the witness Flora Hill did not testify that defendant made any kind of a threat or testify that defendant extorted from witness a contribution of two hundred twenty-one dollars toward funeral expenses of deceased, nor was any objection made that such testimony was harmful and calculated to prejudice the jury. In our consideration of the qualification we were somewhat uncertain as to whether the court meant to say that the words "threat" and "extort" were not used by the witness or that the witness did not give the testimony complained of. We therefore look to the statement of facts, which was duly signed by the trial court as being true and correct, from which it appears that she testified as follows: "I paid part of the funeral expenses. I paid $221.00; she told me if I didn't put in half of the money she would put him in a common box, that she wouldn't pay all of it." It is evident from the foregoing testimony that the court did not intend to say that the witness did not testify, in substance, as set forth in the bill of exception, but the witness did not use the words "threat" or "extort". Nevertheless such is the plain import of her testimony. The testimony was irrelevant and immaterial and its prejudicial effect is obvious. Hence we are of the opinion that the court erred in declining to sustain the objection.

By bill of exception number eight appellant complains of the action of the trial court in declining to permit appellant to cross-examine the State's witness, Pete Clay, who was a negro

policeman, in reference to having taken Leon Phelps, a State's witness, into the woods, whipped him, and mistreated him although the witness had made a bare denial thereof. If any of the State's witnesses had been intimidated by the officers to the extent that they were testifying falsely or were coloring their testimony, the appellant should have been permitted to make full inquiry thereof and to elicit it if he could, because the jury are exclusive judges of the credibility of the witnesses and the weight to be given their testimony.

By bill of exception number ten appellant complains of the action of the trial court in permitting the State's witness Levi Johnson to testify to material facts implicating the appellant in the commission of the offense. The appellant objected to the testimony of Levi Johnson on the ground that he had been convicted in the year 1914 of a felony in the District Court of Fort Bend County and his punishment was assessed at confinement in the state penitentiary for a term of five years, but his sentence was suspended in accordance with the recommendation of the jury, and this rendered him incompetent. A person who has been convicted of a felony and his sentence has been suspended is a competent witness under the ruling of this court in the case of Espinoza v. State, 73 Texas Crim. Rep., 237, in which case a co-defendant pleaded guilty to assault with intent to murder and his punishment was assessed at confinement in the state penitentiary for a term of five years, but his sentence on the recommendation of the jury was suspended. This court held that he was a competent witness for the State against the defendant who was on trial for murder. See also Simonds v. State, 175 S. W., 1064.

Bills of exception numbers twelve and fourteen relate to the same matter and will be considered together. By these bills the appellant complains of the action of the trial court in not permitting her to cross-examine Levi Johnson with reference to having theretofore made a statement to the officers, at the time they were first investigating this case, that one Joe Eugene was his accomplice; that by reason of such statement Joe Eugene was indicted and thereafter tried and acquitted, but now the said witness, Levi Johnson, contends that Jesse Morgan was his accomplice in killing the deceased; that if the court had permitted the appellant to cross-examine said witness Levi Johnson, he would have admitted said fact; but the State objected and court sustained the objection. The court qualified the said bill and in his qualification states that he does not certify that it became material both for the pur-

pose of impeaching the witness or for the purpose of demonstrating moral turpitude; that no such statement was offered in evidence by the State, and was not before the court, etc. We believe the trial court fell into error in not permitting the appellant to show that the witness had made contradictory statements for the reason that the jury are the judges of the facts proven, the credibility of the witnesses and the weight to be given their testimony. In order to give a proper application to this principle of law it is permissible to show that a witness has made statements out of court contradictory to his testimony and with a reckless disregard for the truth. We are of the opinion that the appellant had laid a sufficient predicate by stating as definitely as was necessary the time when and to whom the alleged statement was made. See Bennett v. State, 28 Texas Crim. Rep., 539; Turney v. State, 9 Texas Crim. Rep., 193.

Our attention has been directed to the court's failure in his charge to the jury to make proper application of the law of principals to the facts in this case. However, no objection to the charge was made on that ground and no charge applying the law of principals to the facts was requested. We suggest that upon another trial the court should properly apply the law of principals to the facts.

For the errors herein above pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.