## RAYMOND BALLEW v. THE STATE.

No. 19981.  Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Jas. C. Mahan,* of Childress, and *Robert Harrison, Marvin B. Simpson,* and *Harris Brewster,* all of Fort Worth, for appellant.

*John Deaver,* District Attorney, of Memphis, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is assault with intent to murder; the punishment assessed is confinement in the state penitentiary for a term of four years.

The record shows that about 8 P. M. on November 10, 1937, officers, armed with a search warrant, went to the ap-

pellant's residence to make a search for whisky. Appellant and his wife resided in the second story of a garage. When the officers arrived, they found the doors and windows locked but heard someone in the building and asked to be admitted. Receiving no response to their request, they broke a glass in one of the windows with a view to unlatching a window. Suddenly a shot was fired from behind a telephone pole some 70 feet from the garage. This shot struck one of the officers. They returned the fire and a second shot from the vicinity of the telephone pole struck another officer. After the second shot, they saw a person run from behind the pole into an alley and recognized this person as the appellant. After he had disappeared, one of the officers remained at the garage while another carried one of the wounded men to a doctor. During their absence, the one who remained at the residence heard breaking of glass inside the apartment and something which sounded like water running down a sewer pipe. A short time later, more officers appeared and they entered the building, finding a number of broken whisky bottles in the bathroom and some whisky in the bathtub.

Owing to the disposition which we are forced to make of the case, it will be necessary to discuss at length only one bill of exception. Bill number three reflects the following occurrence. Edd McCreary, one of the officers, had testified that he saw appellant shoot from behind the telephone pole and saw him running away from the telephone pole to an alley. That he recognized him as being the appellant. On cross-examination, he was asked if he had not had a conversation with C. E. Bentley at his (Bentley's) place of business in the town of Memphis about a week or ten days after the alleged shooting and if, in that conversation, Bentley had not asked him if he knew who had done the shooting and if he, the witness, had not answered: "I don't know."

The state objected to this question and the court sustained the objection, declining to permit the witness to answer the question. Appellant excepted and stated that the question asked and the answer sought to be elicited was for the purpose of laying a predicate for the impeachment of the witness. Thereafter appellant placed Bentley on the stand and inquired of him concerning the conversation above outlined. The district attorney again objected to said question on the grounds that it was an attempt to impeach the witness, McCreary, and that no proper predicate had been laid therefor. The court sustained the objection and declined to permit the witness to answer the

question to which action appellant expected. The bill recites that if the witness had been permitted to answer the question, he would have answered that McCreary had told him that he did not know who did the shooting. The court's qualification states that it was not shown what answer the witness McCreary would have made to the question.

It is our opinion that the trial court erred in sustaining the state's objection. If McCreary had answered that he did state to Bentley that he did not know who did the shooting, then there would have been no necessity for laying a predicate for impeachment; he would, in fact, have been impeached by his answer. If he had answered the question in the negative, the proper predicate for impeachment would have been laid and the testimony of Bentley would have become material. It was a highly controverted issue as to whether the party who did the shooting was or was not the appellant. Indeed, it was his entire affirmative defense, he having testified on the stand, denying that he did the shooting or that he was at the place at the time it occurred. The court's qualification to the bill does not in any manner alleviate or obviate the error, for the court declined to permit appellant to lay the proper predicate for impeachment. See Novakovitch v. State, 70 S. W. (2d), 175; Brooks v. State, 93 S. W. (2d), 447 (450) ; Turney v. State, 9 Tex. Crim. Rep., 196.

Bills of exceptions numbers four to seven, both inclusive, relate to questions asked appellant by the district attorney concerning former indictments brought against him in Hall County, charging him with felonies, some of which were as remote in time as January 7, 1922. Appellant objected to all of this questioning on the ground that it was too remote, and the trial court overruled his objection and required him to answer. In his qualifications to these bills, it is shown that the most recent of the indictments for a felony occurred in 1934, which was within three years of the time of the indictment for ᵗwhich appellant was on trial. It is obvious that the testimony regarding the last indictment was not too remote and therefore was admissible. However we think the former indictments were inadmissible because they were too remote in time. In support of the conclusion reached, we refer to the case of White v. State, 57 Tex. Crim. Rep. 196; 45 Tex. Juris., Sec. 317, p. 234.

The court, in his charge to the jury, instructed them that evidence had been introduced to the effect that the appellant had been indicted for other felonies; that such evidence was admitted upon the issue of appellant's credibility as a witness

and was limited to that purpose and could not be used by them for any other.

This instruction authorized the jury to consider all of the remote indictments in determining the credibility of the appellant as a witness. To our mind this accentuated the error in the admission thereof. See Bogus v. State, 55 Tex. Crim. Rep., 126; Dyer v. State, 77 S. W., 456.

Appellant, by bill of exception number two, objected to the admission of testimony regarding the search of his premises and what was found as a result thereof. He bases his contention on the ground that the search was made without a legal search warrant and that the evidence obtained as a result thereof was inadmissible. We do not deem it necessary to here decide whether the evidence discovered as a result of the search was illegally admitted. On another trial, however, it might be better if the state did not attempt to introduce said evidence. The error, if any, in admitting it here was harmless, since the defendant took the stand and admitted that he had two cases of whisky in his residence on the night in question. Consequently the same facts and evidence to which he objected were testified to by himself. Under the circumstances, no injury could have resulted from the admission thereof. See Whitehead v. State, 116 S. W. (2d), 703 and authorities cited.

All other matters have been examined by us and are deemed to be without merit.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING TO MODIFY OR ENLARGE OPINION.

HAWKINS, JUDGE.—Appellant files a motion for rehearing requesting a modification of the original opinion and calls attention to appellant's criticism of the charge on the subject of "alibi." The questions discussed in our former opinion were the ones to which our attention was particularly directed and we overlooked the charge on alibi. A casual examination immediately reveals that it was unhappily worded and presents the subject in rather a negative way. Upon another trial the instuction on the subject should be corrected.

We think appellant's request to postpone action on his motion should be denied, but our original opinion is supplemented as above indicated. In all other respects the motion is overruled.